IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,813-01






EX PARTE JOHNNY HOLLIS KING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 32,383 IN THE 13TH DISTRICT COURT


FROM NAVARRO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of ten counts of
indecency with a child and sentenced to fifty years' imprisonment on each count. The Tenth Court
of Appeals affirmed his convictions. King v. State, No. 10-09-00395-CR (Tex. App.--Waco 2010,
pet. ref'd).

 Applicant contends that trial counsel failed to: (1) object or timely object to testimony from 
Kimberly Green and Kristi Skains that directly or indirectly commented on the truthfulness of the
complainant; (2) request instructions to disregard such testimony; and (3) elicit testimony from
Skains that the complainant told her she was upset with Applicant because he got her in trouble. 
Applicant also contends that appellate counsel failed to argue that the trial court erred in admitting
testimony that Applicant threatened people with a gun and touched the complainant's sister on her 
"butt" while she slept. (1)

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial and appellate counsel, who appears to be the same person, to respond to Applicant's
claims. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing counsel's response, the trial court shall make findings of fact and conclusions
of law as to whether counsel's conduct was deficient and, if so, whether this deficient conduct
prejudiced Applicant at trial or on direct appeal. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 27, 2013

Do not publish

1. These claims with supporting legal argument are fully set out in Applicant's
memorandum of law.